James A. Francis I.D. No.JAF 6355
John Soumilas, I.D. No. JS 0034
David A. Searles, *(pro hac vice pending)*
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **KIMBERLY PLASTERS, on behalf of herself and all others similarly situated,** | ) ) ) |
| **Plaintiff,** | ) **CLASS ACTION** ) |
| v. | ) **C.A. No. 14-** ) |
| **UBS FINANCIAL SERVICES, INC.,** | ) ) |
| **Defendant.** | ) ) ) |

**COMPLAINT – CLASS ACTION**

**I.  PRELIMINARY STATEMENT**

1. This is a consumer class action based upon Defendant UBS Financial Services, Inc.'s ("UBS") violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"). UBS systematically violates at least two sections of the FCRA: section 1681b(b)(2), by procuring consumer reports about current or prospective employees and deceptively embedding improper release language, as well as other extraneous language, in the consumer consent and disclosure document that UBS requires prospective and current employees to sign prior to ordering a background check; and, section 1681b(b)(3), by using employment background checks to make adverse employment decisions without providing the consumer job applicants who are the subjects of the background checks a copy of the report used, along with a summary of his or her rights

under the FCRA, and a sufficient amount of time to contest and/or correct any errors in the reports before the adverse action is taken.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337.

3. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

## III. PARTIES

4. Kimberly Plasters is an adult individual who resides in North Carolina.

5. Defendant UBS is a global financial services firm with offices worldwide, including a principal place of business located at Lincoln Harbor 800, 1000, 1200, and 1500 Harbor Boulevard, Weehawken, NJ 07086.

## IV. FACTUAL ALLEGATIONS

### A. Defendant's Practices As An Employer

6. Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer credit and background information reported by consumer reporting agencies ("CRAs") and used by employers such as UBS.

7. Before taking any adverse action based in whole or in part on the report, the person, such as an employer, intending to take such adverse action shall provide a copy of the report and a description in writing of the consumer's rights under the FCRA to the consumer. *See* 15 U.S.C. §§ 1681b(b)(3).

8. Despite these clear, well-established and unambiguous requirements of the FCRA, UBS makes employment decisions based in whole or in part on applicants' consumer reports

without first providing a copy of the report to the applicant.  Further, UBS violates FCRA section 1681b(b)(3) by failing to advise applicants of their FCRA rights before taking actual adverse action against them based upon their consumer reports.

9. UBS's practices not only violate the FCRA as a matter of law, they exact serious consequences on consumer job applicants and interstate commerce.  Consumers are prejudiced in their ability to adequately determine whether the information is being properly reported.  Pursuant to UBS's practice, by the time the consumer is made aware of the consumer report, it is too late to correct the contents of the report because it has already formed the basis of UBS's decision whether to hire the applicant.

**B.     The Representative Plaintiff's Experience**

10. On or about August 5, 2013, a representative of Peak Systems, Inc., an information technology staffing firm, contacted Ms. Plasters regarding employment with UBS on a long-term project beginning immediately and continuing for at least eighteen months.

11. On August 12, 2013, Ms. Plasters began working for UBS as an independent contractor.

12. On or about August 29, 2013, UBS requested that Ms. Plasters complete and return a standardized form document entitled "NOTIFICATION AND AUTHORIZATION" allowing UBS to procure a consumer report investigating her background and credit history through "CARCO, and/or any other agent acting on UBS's behalf."

13. Upon information and belief, UBS contracts with Carco Group, Inc. ("Carco") to obtain background checks and consumer reports for all employees and independent contractors performing work for UBS.

14. In connection with her work for UBS, Ms. Plasters agreed to UBS's requirement of a background check and consumer report by Carco. On August 29, 2013, Ms. Plasters signed the "NOTIFICATION AND AUTHORIZATION" form supplied by UBS.

15. Upon information and belief, the Notification and Authorization form is a standardized form document typically used by UBS in the course of its employment hiring practices and policies, and Defendant has required consumer job applicants to sign that form in connection with hundreds, if not thousands, of job applications over the years.

16. The Notification and Authorization stated in pertinent part as follows: "I authorize all corporations, credit agencies, financial institutions, educational institutions, courts, law enforcement agencies, former employers, business associates and/or any other person and/or entity to release information they may have about me to any of the companies referenced above, *and I release the companies and persons disclosing this information from any liability and responsibility* in doing so." (Emphasis added).

17. The Notification and Authorization violated section 1681b(b)(2) of the FCRA because it did not consist "solely of the disclosure that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i); *Reardon v. Closetmaid Corp.*, 2013 WL 6231606 (W.D. Pa. Dec. 2, 2013); *Singleton v. Domino's Pizza, LLC*, 2012 WL 245965 (D. Md. Jan. 25, 2012).

18. Upon information and belief, Carco performed a background check about Ms. Plasters on or about August 29, 2013 for employment purposes and provided the results to UBS.

19. On or about September 12, 2013, a Peak Systems representative contacted Ms. Plasters and told her that she was removed from UBS's project effective immediately because she had failed UBS's background check.

20. Ms. Plasters contacted UBS seeking a copy of the report upon which the decision was based, but received no response.

21. Section 1681b(b)(3) of the FCRA requires that "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates" a copy of the report and a written description of the consumer's rights under the FCRA.

22. In connection with Ms. Plasters, UBS was a "person intending to take" adverse action within the meaning of the FCRA.

23. UBS did not provide to Ms. Plasters a copy of the consumer report or a written statement of her rights under the FCRA.  As a matter of policy and practice, UBS does not provide notice to prospective or current employees or independent contractors, or copies of any consumer reports they obtain which contain adverse public record information, prior to taking adverse actions against them.

24. UBS's practices and procedures described herein affected not only the Plaintiff but also other prospective and existing employees and independent contractors against whom adverse action was taken.

25. At all times pertinent hereto, UBS was acting by and through its agents, servants and/or employees who were acting within the scope and course of their agency or employment, and under the direct supervision and control of the Defendant herein.

26. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of Plaintiff herein.  UBS knowingly carries out business practices of (a) not providing a clear and conspicuous written disclosure, in a document that

consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and (b) failing to provide employment applicants with a copy of background reports and written summaries of FCRA rights. There is no reading or interpretation of FCRA sections 1681b(b)(2) and 1681b(b)(3), or any provision for that matter, which would justify, sanction, excuse, or condone such practices.

## V. CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action individual and as a class action for UBS's violations of section 1681b(b)(2) and 1681b(b)(3) of the FCRA, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Classes:

(a) All natural persons residing within the United States and its Territories regarding whom, beginning two (2) years prior to the filing of this Complaint and continuing through the conclusion of this action, the Defendant procured or caused to be procured a consumer report for employment purposes using a written disclosure containing language substantially similar in form to the Notification and Authorization form provided to Plaintiff Plasters described above.

(b) All natural persons residing within the United States who (i) within two (2) years prior to the filing of the Complaint; (ii) were the subject of a consumer report used by Defendant for employment purposes; (iii) were the subject of an adverse employment action by Defendant; and, (iv) were not provided with a copy of the report and/or a written summary of their rights under the FCRA prior to the adverse action.

28. The Classes are so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to UBS, Plaintiff avers upon information and belief that the Class numbers in the thousands. UBS is a business with hundreds

of offices nationwide, and utilizes common practices and procedures for screening employees and independent contractors.

29. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal questions include whether UBS willfully violated section 1681b(b)(2) of the FCRA by procuring or causing to be procured consumer reports for employment purposes without providing a clear and conspicuous disclosure in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes, and whether UBS willfully violated section 1681b(b)(3) of the FCRA by employing a policy and practice of failing to provide consumers with a copy of the consumer report about them before taking an adverse employment action based upon that information.

30. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based upon the same legal theories.

31. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed to vigorously litigating this matter. Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

32. This action should be maintained as a class action because the prosecution of separate actions by individuals members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Classes, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

33. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against UBS is small as the maximum statutory damages are limited to $1,000.00 under the FCRA. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from UBS's records.

## VI.   CAUSES OF ACTION

### Count One – FCRA § 1681b(b)(2)

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. UBS is a "person" as that term is defined by section 1681a(b) of the FCRA.

36. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

37. The background or consumer reports that UBS procures or causes to be procured regarding prospective or current employees or independent contractors are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

38. Pursuant to section 1681n of the FCRA, UBS is liable for willfully violating FCRA section 1681b(b)(2) by procuring or causing to be procured a consumer report for employment purposes without first providing a clear and conspicuous disclosure in writing to the consumer in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes.

### Count Two – FCRA § 1681b(b)(3)

39. Plaintiff incorporates the foregoing paragraph as though the same were set forth at length herein.

40. UBS is a "person" as that term is defined by section 1681a(b) of the FCRA.

41. Plaintiff is a "consumer" as that term is defined by section 1681a(c) of the FCRA.

42. The background or consumer reports that UBS procures or causes to be procured regarding prospective or current employees or independent contractors are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

43. Pursuant to 15 U.S.C. § 1681n, UBS is liable to Plaintiff for willfully violating FCRA section 1681b(b)(3) by failing to provide consumers with a copy of their consumer reports and rights under the FCRA before basing employment decisions in whole or in part based upon information contained with the reports.

## VII.    JURY TRIAL DEMAND

44. Plaintiff demands trial by jury on all issues so triable.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks relief against the Defendant as follows:

(a) That an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Classes;

(b) That judgment be entered against the Defendant for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

(c) That judgment be entered against the Defendant for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

(d) That the Court award Plaintiff costs and reasonable attorney's fees; and

(e) That the Court grant such other and further relief as may be just and proper.

## VIII.   DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates James A. Francis and John Soumilas as trial counsel in the above-captioned matter.  Plaintiff reserves the right to amend this designation as necessary.

## IX.   ARBITRATION CERTIFICATION

I, John Soumilas, counsel of record, do hereby certify pursuant to Local Civil Rule 201.1(d) that relief other than monetary damages is sought and that the damages sought are in excess of $150,000.  I further certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court.

Dated: March 14, 2014

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

*/s/ John Soumilas*
JAMES A. FRANCIS
JOHN SOUMILAS
DAVID A. SEARLES
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Phone: (215) 735-8600
Fax: (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com

*Attorneys for Plaintiff and the Classes*